

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-94,025-01

**EX PARTE KEVIN JOHNSON, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1553641-A IN THE 184TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of aggravated robbery and sentenced to imprisonment. Applicant, through habeas counsel, filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends in several grounds that trial counsel was ineffective. There is no response from trial counsel or trial court findings in the habeas record forwarded to this Court. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out

in Article 11.07, § 3(d).

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court may make any other findings and conclusions that it deems appropriate.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed:                    November 02, 2022
Do not publish